Shackeleord, J.,
delivered the opinion of the Court.
The plaintiff in error was presented by the grand jury of the County of Polk, for obstructing' a public road. The case was submitted to a jury, at the September Term, 1866.
It appears, from the proof in the record, while the Cherokee Indians occupied the .country, there was a trail crossing the Hiwassee River, passing over the lands of the defendant, at this point. A man by the name of Chum, after the State obtained possession of the ter- *120 rifcory, became tbe owner of the lands on the river, over which this trail passed. He fenced it up and cultivated it. He sold to Alexander, in 1838, who continued in the use and occupation of the land, until 1863, when he sold to the plaintiff in error. During the time Alexander owned the land, a neighbor would occasionally cross at the ford, and pass out through the field.
In 1863, the Federal soldiers removed the boats on the river, and the ford being shallow, became a general crossing for the neighbors.
In 1863, the fences were thrown down by the soldiers, and others. In 1865, the plaintiff in error put up the fences, and obstructed the road leading to the ford-On the trial of the cause, the Court charged the jury, in substance: “If the trail and ford across the Hiwassee River, was used by the Cherokee Indians, when they occupied -the country; and after it came into possession of the State, some persons have continued, occasionally, ever since, in time of low water, to use it, by crossing, that would make it a public road; and if the defendant had obstructed it in any way, he was guilty. If those who owned the land before Russell bought it, obstructed the road by fencing up the land, that would make them tresspassers, and they could have been indicted. The fact they were not indicted, would not justify the defendant in obstructing the road.”
The plaintiff in error was found guilty. A new trial was moved for, and overruled; from which there was an appeal to this Court.
The charge of the Court is erroneous. The trail over the lands of the plaintiff, made by the Cherokee *121 Indians crossing the Hiwassee River, at the point opposite the lands of the plaintiff in error, and the subsequent travel of a citizen, occasionally, over this trail, after the lands passed into the jurisdiction of the State, was no dedication, on the part of the plaintiff in error, and those under whom he claims, of this pathway, to the public. Upon the reverse, the inclosing of the lands, and continuous occupation of it, for more than twenty-five years, rebuts all presumption of a dedication to the public, and is an absolute bar to any prosecution against him, for closing the road. The use of the ford and road, after the boats were removed, in 1863, and until the fences were repaired in 1865, vested no right in the public, that would authorize the use of the road as a public highway. The proof of the record in this case, does not even establish a license or permission, on the part of the plaintiff in error, or of them under whom he claims, to the citizens, to use this road as a pass way; and if it did, he had a right to put an end to it any moment.
This Court, in the case of Worth & Dawson vs. Fowler, 1 Sneed, 59, says: “That a right of way may be claimed by a dedication to the public use by the owner of the soil, is not denied; but the doctrine must be cautiously admitted.” There is no proof in this record, that would warrant the jury in finding the land, over which this road passes, a dedication to the public; but, on the reverse, every such presumption is rebutted by the proof.
The judgment will be reversed, and the cause remanded.